Timothy Lee MULLINS, Petitioner–
Appellant

v.

William STEPHENS, Director, Texas
Department Of Criminal Justice, Cor-
rectional Institutions Division, Re-
spondent–Appellee.

No. 12–40552
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 2013.

Timothy Lee Mullins, Gatesville, TX,
pro se.

Elizabeth Alisse Goettert, Assistant At-
torney General, Melissa L. Hargis, Kate
Ewing Walker, Esq., Assistant Attorney
General, Office of the Attorney General,
Austin, TX, for Respondent–Appellee.

Before HIGGINBOTHAM, DENNIS,
and GRAVES, Circuit Judges.

PER CURIAM: *

Timothy Lee Mullins, Texas prisoner
# 1530696, appeals the dismissal of his 28
U.S.C. § 2254 petition, in which he chal-
lenged his conviction and life sentence for
murder. Mullins challenges the district
court's denial of relief on his claims that
(1) trial counsel rendered ineffective assis-
tance in failing to investigate his mental
health history and in abandoning the in-
sanity defense at trial, (2) trial counsel

rendered ineffective assistance in failing to
present any mitigating evidence at the
punishment phase, (3) he was denied due
process when the trial court did not ap-
point a psychiatrist for the defense, and (4)
his appellate counsel rendered ineffective
assistance in failing to raise on appeal the
issue that the trial court abused its discre-
tion in not appointing a psychiatrist for the
defense. To the extent that Mullins also
raises the issues that his counsel rendered
ineffective assistance in failing to challenge
his confession and in failing to object to
prosecutorial misconduct, the issues are
beyond the scope of the certificate of ap-
pealability, and this court lacks jurisdiction
to consider them. *See Simmons v. Epps,*
654 F.3d 526, 535 (5th Cir.2011), *cert. de-
nied,* —— U.S. ——, 132 S.Ct. 2374, 182
L.Ed.2d 1025 (2012).

In reviewing the denial of § 2254 relief,
this court reviews issues of law de novo
and findings of fact for clear error, apply-
ing the same deference to the state courts'
decision as the district court under the
Antiterrorism and Effective Death Penalty
Act. *Ortiz v. Quarterman,* 504 F.3d 492,
496 (5th Cir.2007). Because the Texas
Court of Criminal Appeals' rejection of
Mullins's claims of ineffective assistance of
trial and appellate counsel was not con-
trary to and did not involve an unreason-
able application of *Strickland v. Washing-
ton,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984), and did not involve "an
unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding," the district court did
not err in denying Mullins habeas relief on
these claims. § 2254(d); *see also Harring-
ton v. Richter,* —— U.S. ——, 131 S.Ct.
770, 787–89, 178 L.Ed.2d 624 (2011). The
district court also did not err in denying

---

relief on Mullins's claim that the state trial court violated due process in not appointing a psychiatrist for the defense pursuant to *Ake v. Oklahoma*, 470 U.S. 68, 76, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). *See* § 2254(d); *Woodward v. Epps*, 580 F.3d 318, 332 (5th Cir.2009).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.